STEWART GWYNN & others *vs*. THE GLOBE LOCOMOTIVE
WORKS.

No exception lies to the refusal of a judge of the superior court to allow an amendment, during the progress of a trial, by striking out the names of some of the plaintiffs.

If, in an action to recover back money paid during the progress and on account of work done under an unperformed contract, by which the defendants agreed to construct certain machines, the answer denies the making of the special contract as alleged, and avers that the money was paid for labor and materials furnished by the defendants at the request of the plaintiffs, evidence is admissible in defence to show that, during the progress of the work which was done, numerous alterations were made in the construction of the machinery, by order of one of the plaintiffs.

CONTRACT brought by several persons alleged in the writ to have been associated together under the name of the Pneumatic Drill Company. The 1st count alleged that the defendants agreed to build for the plaintiffs several pneumatic steam drills, within a reasonable time and for a reasonable compensation; and that the plaintiffs, from time to time, paid the defendants $1175, towards the same, but the defendants failed to make and deliver the same as agreed. The 2d and 3d counts were on an account annexed, and for money had and received, respectively. The answer of the defendants denied all the averments of the declaration, and alleged that the said sum was paid for labor and materials furnished at the request of the plaintiffs, and used and expended while in their employment in making the drills.

At the trial in the superior court, before *Morton*, J., there was conflicting evidence as to the contract under which the work and materials were furnished; and it appeared that, before the drills were completed, the works of the defendants burnt down, and the unfinished drills were destroyed. During the trial, the plaintiffs' counsel contended that the evidence tended to show that no association or partnership had ever been formed between the plaintiffs, and moved for leave to amend the writ by striking therefrom the names of all but one of them; but the motion was overruled. The defendants were allowed to introduce evidence, under objection, tending to show that the work done by them was carried on under the superintendence of one of the

27 *

plaintiffs, and that many alterations were made in the drills by his orders.

The jury returned a verdict for the defendants; and the plaintiffs alleged exceptions.

*T. Willey & J. W. Hubbard*, for the plaintiffs.

*S. E. Sewall*, for the defendants.

Hoar, J. 1. The motion to make a material amendment, during the progress of the trial, was addressed to the discretion of the presiding judge; and his refusal to allow it is not the subject of exception. *Richmond Iron Works* v. *Woodruff*, 8 Gray, 447.

2. The action was to recover back money paid by the plaintiffs on account of a contract to make certain drills, which the defendants had never completed. The defendants denied having made the contract which the plaintiffs alleged, and contended that they had only been employed to furnish certain labor and materials under the direction of the plaintiffs, to be paid for as the work made progress. This was not in discharge or avoidance of the contract which the plaintiffs relied on, and did not require to be set up in the answer. It tended to disprove the plaintiffs' case, and was admissible under the general denial of the cause of action stated in the declaration. The evidence that one of the plaintiffs had directed numerous alterations during the progress of the work, which was admitted under the plaintiffs' exception, was therefore competent. Its purpose was to show that the plaintiffs had not conducted in a manner probably consistent with the contract declared on.

*Exceptions overruled.*